IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VONZORRA BIVINGS,

    Plaintiff,

v.                                          CASE NO. 1:10-cv-00148-MP-GRJ

SELECT SPECIALTY HOSPITAL GAINESVILLE INC D/B/A SELECT SPECIALTY
HOSPITAL,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 30, defendant's Motion for Summary Judgment, to which the plaintiff responded at Doc. 34. Also pending is Doc. 38 plaintiff's motion for extension of time to amend her response to the motion for summary judgment, to which defendant filed opposition, Docs. 45 and 46. Finally, plaintiff moves to reopen discovery in Doc. 47, which defendant opposes in Doc. 48. Upon consideration, the Court will grant summary judgment in favor of the defendant and deny the other motions as moot.

On June 16, 2008, Plaintiff, an African American woman, began working for defendant as a unit clerk. She was 45 years old when she was hired. (Plaintiff Dep. 6) Defendant is a long term acute care hospital that provides diagnostic and medical treatment to patients with chronic disease or complex medical conditions whose average length of stay exceeds 25 days. Plaintiff's job duties included transcribing orders, completing and processing paperwork related to patient care, arranging for patient transportation and reading Telemetry monitors.

During her employment, plaintiff avers that she was chastised for dying her hair blonde, although she was not given a reprimand or other employment action. Also, she received several

written reprimands alleging various deficiencies in her work product. In her complaint plaintiff intimates that these write-ups were excessive or false (see ¶ 18 of attachment 1 to Doc. 1). She claims that her employment file was thus "fabricated." (Id. at ¶ 19). She also avers that Stacy Jebson, the supervisor of the shift that follows plaintiff's shift, made remarks about the need to hire younger people and otherwise subjected plaintiff to age-related and race-related derogatory comments.

Plaintiff alleged that she eventually complained to Frances Payne, director of clinical services for defendant about this, but that no investigation followed and that the harassment "escalated" after the complaint. (Id. at ¶¶ 22-23). On May 1, 2009, the plaintiff was terminated by Ms. Payne. The given reason on the Disciplinary Action Form was the following:

> Vonnie has continued to document incorrectly or miss documentation vital to patient care. Records are consistently incomplete, information is incorrect and patient care is either delayed or missed.

(Attachment 16 to Doc. 32). Plaintiff alleges that she was terminated because of racial or age related reasons, and in retaliation for her complaint to Ms. Payne.

Despite the allegations in her judicial complaint, however, the allegations made in plaintiff's EEOC charge of discrimination were much narrower. First, in the area where she was asked to respond to the query "CAUSE OF DISCRIMINATION BASED ON:", she marked the boxes in this manner, which did not include 'RETALIATION':



Also, the complete narrative section of the EEOC Charge of Discrimination is as follows:

> I, Vonzorra Bivings, have been discriminated against by my Supervisor, Stacey Jebson, at Select Specialty Hospital in Gainesville, FL. I am a 47 yr. Old African American woman, I started at Select in June of 2008 with shoulder length black hair.  In December I cut and dyed my hair a lighter color. (1) I was approached by my Supervisor, Stacey Jebson, and she told me that "no dye" was allowed to be worn by employees. She claimed that employees were only allowed to wear their natural color hair tone. This bothered me because the "rule" was not stated in the employee handbook and it wasn't enforced upon the caucasian employees. (2) Age discriminated Stacey Jebson informed me that company need to higher more younger woman and students to do unit clerk jobs. In result of that, I met with the Director Of Clinical Services, Frances, letting her know how I felt about the issue. I not only informed her about the rule that the Supervisor was trying to impose, but I also informed her about the harassment that I was undergoing in reference to me wearing dye in my hair and the harassing comments about the age, and how she would see that it happens because she and the CEO (John) and DOCS (Fran) would do whatever she wanted because we are friends. (I was constantly harassed with racial remarks, and age jokes and other derogatory comments). DOCS (Fran) assured me that she would investigate the situation, and get back with me. However I never heard anything else about the investigation and the same situation was still going on. I also have many witnesses on my behalf.
>
> Thank you for you prompt concern on this mater!!!!!

(Attachment 18 to Doc. 32; spelling and grammar as in original).  This narrative does not inform the EEOC that she had even been terminated or that she believes she was retaliated against because of her complaint to the director of clinical services.  Also, it does not allege that anyone ever terminated any employee to replace the employee with a younger one.  Instead, it merely appears to attempt to allege a hostile work environment claim based on (1) an unequally applied rule dealing with hair dying; (2) racial remarks, age jokes, and other derogatory comments; and (3) a statement that the company needed to hire younger workers.

The complaint (attachment 1 to Doc. 1) in this case brings six counts: Count I alleges wrongful termination in violation of Title VII; Count II alleges retaliation in violation of Title VII; Count III alleges wrongful termination in violation of the ADEA; Count IV alleges

retaliation in violation of the ADEA; Count V alleges wrongful termination in violation of the Florida Civil Rights Acts; and Count VI alleges retaliation in violation of the Florida Civil Rights Act.  In other words, every count of the judicial complaint relies upon termination or retaliation, while the EEOC Charge of Discrimination does not inform the EEOC that she was terminated at all or that she believes she suffered any retaliation.  The defendant therefore moves for summary judgment, arguing that by failing to mention termination or retaliation before the EEOC, the plaintiff has failed to exhaust her administrative prerequisites to filing suit.

The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge of discrimination and investigation.  No action alleging a violation of Title VII or the ADEA may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge. Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277 (11th Cir. 2004).   Thus, the Eleventh Circuit has refused to allow claims in a judicial complaint to proceed if those claims were not presented first in the EEOC charge of discrimination.  See, e.g., Thomas v. Miami Dade Public Health Trust, 369 Fed.Appx. 19, 22 (11th Cir. 2010) (finding that although the charge of discrimination generally referred to retaliation and race discrimination, it did not adequately assert the specific acts of retaliation later alleged in the judicial complaint).

Judicial claims which were not specifically asserted in the Charge of Discrimination may be allowed, but only if they merely "amplify, clarify, or more clearly focus the allegations in the EEOC complaint;...allegations of new acts of discrimination are inappropriate." Gregory v. Georgia Department of Human Resources, 355 F.3d 1277, 1279-80 (11th Cir.2004); see also Ray v. Freeman, 626 F.2d 439, 443 (5th Cir.1980) (citation omitted) (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970))("Judicial claims which serve to amplify, clarify,

or more clearly focus earlier EEO complaints are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate").

This exhaustion requirement is not merely a technicality.  The purpose "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir.1983); see also Wu v. Thomas, 863 F.2d 1543, 1548 (11th Cir.1989) ("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC.") (internal quotation and citation omitted).  This promotes efficiency and the settling of claims before law suits.

Plaintiff urges the Court to excuse the failure to inform the EEOC about the termination and retaliation because

> [i]f the EEOC had undertaken a timely investigation they would have revealed the fact that the Plaintiff was being harassed before being terminated by the Defendant....Because an investigation by the EEOC would have revealed that the Plaintiff was retaliated against and terminated, the judicial complaint for wrongful termination and retaliation should not be barred.

Doc. 34, pp. 3-4.  The problem with this shifting of the burden of stating a case to the EEOC is that it would deprive the EEOC of the ability to allocate scarce administrative resources to those cases which on their faces appear to have the most merit or involve the greatest harm.  The reason the EEOC declined to investigate more fully the instant case may very well have been that on the face of the EEOC charge of discrimination the plaintiff asserted only a hostile work environment claim with no adverse employment action.  In any event, it is clear that the claims in the judicial complaint do not merely amplify or clarify the claims in the charge of

discrimination. Instead, they raise new acts of discrimination. Under the logic of Wu, Sanchez and George, the claims in the complaint should be dismissed because the plaintiff did not give the EEOC a reasonable chance to settle or conciliate those claims.

Additionally, nothing in the proposed amendment requested in Doc. 38 or the depositions requested in Doc. 47 addresses the question of whether the claims of termination and retaliation are barred by the failure to raise them in the EEOC charge of discrimination. Therefore, these motions would not change the outcome of the case even if granted. Thus, they are moot and should be denied.

**ORDERED AND ADJUDGED:**

Doc. 30, the defendant's motion for summary judgment, is granted, and the Clerk is directed to enter summary judgment in favor of defendant and against plaintiff on all counts of the Complaint. The Clerk should then close this file.

The motions at Docs. 38, 46, and 47 are denied as moot.

**DONE AND ORDERED** this _14th_ day of October, 2011

       _s/Maurice M. Paul_
       Maurice M. Paul, Senior District Judge